NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1989
_____

UNITED STATES OF AMERICA

v.

RONALD J. MONACH, JR.,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of  Pennsylvania
District Court No. 2-08-cr-00014-002
District Judge: The Honorable Nora B. Fischer

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 10, 2011

Before: SMITH, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed: May 27, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Ronald Monach, Jr., was involved in a large scam, known as a prime bank

scheme, which resulted in his victim losing $3 million.    After the scheme

unraveled, a grand jury indicted Monach, charging him with three counts of wire fraud, 18 U.S.C. § 1343, and one count of mail fraud, 18 U.S.C. § 1341. Monach pleaded guilty. Thereafter, the District Court conducted four days of hearings so that it could determine the amount of loss. *See* U.S.S.G. § 2B1.1(b)(1)(H). Before the Court ruled on the matter, the parties stipulated to the amount of the loss. The Court computed Monach's total offense level as 19 and his criminal history category as I, yielding a guidelines range of 30 to 37 months of imprisonment. During the sentencing proceeding, Monach urged the District Court to grant a downward variance from the guidelines range, citing his family ties and responsibilities, and his belief that he had also been victimized and duped by his codefendant. A sentence of probation, Monach pointed out, would enable him to continue to pay restitution to his victim. The District Court was not persuaded, and sentenced Monach to, *inter alia*, 30 months on each count, with the terms to run concurrently.

This timely appeal followed.[1] Monach contends that the District Court erred because it failed to "recognize the difference between variances and departures." *See United States v. Gunter*, 462 F.3d 237, 248 n.10 (3d Cir. 2006). According to

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Monach, the District Court applied the "exceptional circumstances" standard for departures in deciding whether to grant a variance. As support for this contention, Monach cites the fact that the Court used the term "exceptional circumstances" in denying the variance request and specifically discussed U.S.S.G. § 5H1.6 regarding family ties and responsibilities, as well as case law pertaining to that specific guideline, which only addresses standards for granting a departure. In Monach's view, the application of the "wrong standard was the equivalent of not considering his variance motion at all," thereby rendering his sentence not only procedurally erroneous, but also substantively unreasonable.[2]

In *United States v. Brown*, 578 F.3d 221 (3d Cir. 2009), the District Court discussed a guideline and sentencing factors set forth in § 3553(a). Because we were "unable to determine whether the District Court intended to grant [a] . . . departure or intended to grant a variance," we remanded for resentencing. *Id.* at 226. Unlike *Brown*, the record before us demonstrates that the District Court never lost sight of the fact that it was ruling on a request for a downward variance from the advisory guideline range. Its discussion of § 5H1.6 and the applicable case law was a means of informing its analysis of Monach's request for a variance based on

---

[2]   In reviewing Monach's sentence for procedural error or substantive unreasonableness, we employ an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

his family circumstances. The District Court's statement that Monach's situation was not exceptional was, in our view, simply an inartful way of explaining that it could not find a reasoned basis for a variance from the guideline range to a noncustodial sentence of probation.

Monach also argues that his sentence should be vacated because the District Court punished him for not having money. He cites the fact that the Court found that he did not have money to pay a fine, yet it listed among its reasons for denying a downward variance the fact that he had not paid more restitution. This is an inaccurate reading of the record. The District Court was simply explaining that Monach had not provided an accounting for the entire sum he received under the scheme. Such an observation is entirely appropriate under 18 U.S.C. § 3553(a).

Finally, Monach argues that the Court failed to consider, as required by 18 U.S.C. § 3553(a)(7), the "need to provide restitution to any victims of the offense." This argument is belied by the record before us.

We will affirm the judgment of the District Court.

4